THOMAS DENNING *vs.* GEORGE W. GOULD.

Suffolk. November 30, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence.*

In an action for personal injuries it appeared that the plaintiff was directed by the defendant, his employer, to go upon the roof of the defendant's barn and make certain repairs; that, to enable him to get there, the defendant placed one ladder against the eaves and then drew a second on to the roof and fastened the bottom of the second to the top of the first with a rope; that the plaintiff went up and worked on the roof; and that, when he started to come down, the rope fastening the upper ladder came untied, the ladder fell, and the plaintiff fell with it. The jury returned a verdict for the plaintiff. *Held.* that, upon the evidence, the court could not say that the case was not a proper one to submit to the jury.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Bishop*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The material facts appear in the opinion.

*A. Hemenway*, for the defendant.

*G. T. Lincoln & W. H. Coolidge*, for the plaintiff.

HOLMES, J. This is an action of tort for personal injuries. The plaintiff has had a verdict, and the question is whether the judge should have directed a verdict for the defendant. The plaintiff was a man of all work on a small country place, and was directed by the defendant, his employer, to go upon the roof of the barn, and to make certain repairs. To enable him to get there the defendant placed one ladder against the eaves, and then drew a second ladder on to the roof and fastened the bottom of the second to the top of the first with a rope. The plaintiff went up and worked on the roof. When he started to come down, the rope fastening the upper ladder came untied, the ladder fell, and the plaintiff fell with it. The jury would have been warranted in finding that the plaintiff knew and appreciated the danger, and took the risk, and also that the proximate cause of the fastening giving way was the plaintiff's conduct in moving the ladders. But the jury also were warranted in finding that the defendant held himself out as remarkably skilful in tying knots, being an old sailor ; that on the particular occasion the plaintiff did not see the knot tied. but that the defendant said to him, after the ladders were up, that he need not be afraid, it was all safe, and that the plaintiff went up relying on the defendant's assurances, without examining the fastening. They also might have found that the fastening gave way because improperly tied. We cannot say that the case was not a proper one to submit to them. No error of detail was pointed out to us, if the general conduct of the cause was right.

*Exceptions overruled.*